Monell, J.
There is no doubt, I think, that the refuse substance, called “ mash,” which flows from the defendants premises into the sewer in Thirty-second street, and thence is deposited in the Hudson river at and about the mouth of such sewer, causes an. obstruction to the free use of such waters. There was some proof tending to show that the deposit at the mouth of the sewer, was partly of other substances, and not wholly the refuse which came from the defendants’ distillery. But the weight of the proof is, that the obstruction was and is caused by the flow from the defendants’ premises. There is no dispute but that the sewer entered into- and upon the waters of the Hudson river, which is a navigable stream where the. tide ebbs and flows; and it was in effect conceded that the plaintiffs have no title to such waters, or to the land under water in front of the opening of such sewer into the river. It is undoubtedly true that the waters of the Hudson river, and the land under the waters thereof up to high water mark, belong to the.people .of the state, and not to the owner of the upland. (Gould v. Hudson River R. R. Co., 6 N. Y. Rep. 522.) The plaintiffs, therefore, have no claim to relief in this case, founded upon any of the rights- of riparian owners; such owners having no peculiar ór exclusive right to use the navigable waters for their exclusive or private purposes. (Lansing v. Smith, 8 Cowen, 146.) But the rights of the plaintiffs, if any, are in common with the other people of the state whose use of a public highway has been obstructed or destroyed by an individual.
Any -obstruction upon a public highway is a public nuisance, and it is immaterial whether the obstruction is in the middle, or immediately adjacent to the borders of a stream. If it impedes the free use of the stream by the public, it is unlawful and a .public nuisance. (Harlow v. Humiston, 6 Cowen, 189. Lansing v. Smith, 8 id. 146. *423 Hecker v. Bal. Dock Co., 13 How. Pr. 549. People v. Vanderbilt, 26 N. Y. Rep. 287.) Being a public nuisance and accompanied by injury common to a large part, or the whole, of the people, it is the subject of indictment, and also of private action at the suit of any individual, who sustains an injury personal and peculiar to himself.
The plaintiffs complain that they are interrupted in the full and free use of the waters in the slips between their piers or wharves, and thereby deprived of emolument which otherwise they would derive from their franchise of wharfage. This is a sufficient averment of an injury, to entitle the plaintiffs to a private action, against the defendants, if the unlawful act of the defendants caused the injury, and gives the court jurisdiction to restrain the continuance of the nuisance. (Peck v. Elder, 3 Sandf. 129. Howard v. Lee, Id. 281.)
To maintain this action, two things must be established : 1st. That emptying refuse substance from the defendants’ distillery into the sewer,'Causes, by .its deposit in the river, an interference with, or obstruction of the navigation of such river, amounting to a common nuisance; and 2d. That the maintenance of such obstruction was and is injurious to some right, or property or interest of the plaintiffs.
The title of the plaintiffs to the wharves or piers, or to the franchise of wharfage, is, of course, directly involved. Their right to maintain this action depends upon an alleged injury to their property in such wharves or piers. A mere obstruction to a public navigable stream, does not authorize a private action, but the obstruction must be accompanied by a personal injury. (Ft. Plain Bridge Co. v. Smith, 30 N. Y. Rep. 44.) The owner of a wharf or pier, or of the franchise thereof, may be seriously injured, or have his franchise wholly destroyed, by filling in the surrounding water space so as to prevent access to such *424 wharf or pier by water; and if the act of filling is unlawful, an action will lie for the injury.
If, therefore, the wharves or piers used by the plaintiffs are lawful structures, and entitle the plaintiffs to the franchise of wharfage, they will have shown enough to sustain their action, if they shall also show that they have been deprived of the use of such franchise, or of any part of it, by the defendants.
For the purposes of this motion, the allegations in the complaint are sufficient to show a right to the franchise in the plaintiffs. They allege that they are the lessees in possession, and are in the use of the piers and wharves, and it follows, until otherwise shown, that such possession and use is a sufficient interest in the franchise, to entitle the plaintiffs to redress for an injury to it. It does not expressly appear whether the piers are or are not legal structures. If they were erected in the waters of the river without the license or permission of the competent authority, they would themselves be a common nuisance, and their proprietors would be remediless for any private injury to them. But the proofs before me do not present the question; the allegation, as a pleading to show title, being sufficient. The plaintiffs, therefore, are in a position to complain, if an unlawful act has been done to their injury, by the defendants. (Pierce v. Dart, 7 Cowen, 609. Myers v. Malcom, 6 Hill, 292. Dougherty v. Bunting, 1 Sandf. 1.)
I have already shown that it is established by the facts that the alleged obstruction is caused by the deposit from the defendants distillery, and it remains to be seen whether such deposit is unlawful.
It is claimed by the defendants, that the sewer in Thirty-third street is a public sewer, constructed by the corporate authorities of the city of Hew York, for the use of the residents of said city along its line; and that the connec *425 tion of the defendants with, and their use of such sewer, is by express and written permission from such authorities.
The sewer is undoubtedly a lawful structure. The corporation has authority to enter upon any land or water and to take and use the same for the purpose of constructing sewers. (Sess. Laws of 1849, p. 540, § 14.) Their construction, therefore, as well as their ordinary and proper use, is not a nuisance; and even if, in such ordinary and proper use, navigation of the river opposite their entrance, should be obstructed or wholly destroyed, no action would lie. But any unusual or improper use of such sewers by an individual, is not protected, by the sanction which the legislature has given to their construction. ■ So that if, in any unusual or peculiar use of them by an individual, the full and free navigation of a public stream is obstructed, such obstruction becomes a common nuisance. I do not perceive any difference between passing a substance through a drain into a sewer, which substance will form a deposit at the mouth of the sewer, and carrying such .substance in carts- and depositing it in the river, from such carts. The acts are equally unlawful.
The right to build a sewer, therefore, affords no protection in its use, if such use is foreign to the ordinary purposes of a sewer, and is the proximate cause of a private injury. ' .
It is insisted, however, that the permission to the defendants from the corporation, allows the use of the sewer in the manner complained of. It is enough, perhaps, to say that no such permission is shown. On the contrary, a condition annexed to such permission, affixes a penalty for allowing any substance to flow into the sewer, which will form a deposit tending to fill up such sewer, or the basin into which it enters. There is, therefore, nothing in the written permission relied on, to warrant the use to which the defendants have put the sewer. *426 But if there was, I am still not prepared to allow that even express permission from the corporation, to use the sewer in the manner complained of, would be any shield to the defendants. In that particular, the corporation has no power,' in my judgment, to make lawful, what otherwise would be a public nuisance. This was held in Renwich v. Morris, (3 Hill, 621.) Macomb was authorized by an act of the legislature, to erect a dam in the Harlem river, a navigable stream, and it was held, that any excess or irregularity in the exercise of that power, by which the navigation became obstructed, was, pro tanto, a public nuisance.
A remaining objection I will briefly notice'. The sewer, which it is alleged carries the refuse substance from the defendants’ distillery into the river, empties itself -at the foot of Thirty-second street, and it is claimed that inasmuch as such street is a public street, opened and laid out by the corporation, and which may at any time, at the pleasure of the corporation, be extended into the river to the exterior bulkhead line, therefore, the filling up of such street is lawful. It is not, however, pretended that the mode adopted by the defendants was or is prescribed or sanctioned by the corporate 'authorities as a means of extending the street into the river. It is not usual for the city authorities to make street extensions in that way, and unless the defendants can show direct authority from the corporation to extend Thirty-second street, after the corporation has complied with all the provisions of law relative to opening streets, they cannot claim exemption for their acts under that head. Besides, it appears that the deposit extends beyond the lines of the street, and obstructs navigation, both above and below.
The general principles of law applicable to this case, are too well' settled to need further illustration, and they have been recently very clearly annunciated in the parallel *427 case of The Mayor, &c. of New York v. Baumberger, in this court, in an opinion delivered by Mr. Justice Jones. (Ante, p. 219.) This case is even stronger, as in that case there was no pretense of any special or peculiar injury to the plaintiffs.
My conclusions are that upon the facts as presented upon this motion, the plaintiffs are entitled to hold the injunction restraining the defendants, pending the action, from using the sewer in Thirty-second street, in the manner complained of. (Clark v. Mayor, &c. of Syracuse, 13 Barb. 32.)
The motion to dissolve the injunction must, therefore, be denied, with the usual motion costs.