**(110 So. 765)**

**No. 26029.**

## HEINES & PETERSON v. PRUTSMAN.

(Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

**Compromise and settlement** ⚖️16(1)—**Subcontractor's claims for extra work held barred by settlement and payment at end of work.**

Adjustment between contractor and subcontractor covering entire period of contract, paid by contractor and accepted by subcontractor, *held* full settlement, precluding suit for extra work not presented according to contract, in absence of allegations of error or fraud.

Appeal from Civil District Court, Parish of Orleans; Sam. A. Le Blanc, Judge.

Action by Heines & Peterson against George W. Prutsman. Judgment for plaintiffs, and defendant appeals. Judgment set aside, and plaintiffs' demand rejected.

Borah, Himel, Bloch & Borah, of Franklin, for appellant.

Sidney F. Gautier, of New Orleans, for appellees.

ROGERS, J. Plaintiffs, as subcontractors, agreed with defendant, contractor with the state highway commission, to build certain bridges in section C on the Pearl River, Franklinton and Mississippi highway, in the parish of Washington, this state. In the agreement it was stipulated that defendant was to furnish and deliver the necessary materials at the points where the work was to be performed.

The present suit is to recover damages in the sum of $2,738.90 for the delay caused by defendant's failure to promptly deliver the materials, for loss of profits because plaintiffs were not permitted to build the "Mile Branch bridge," alleged to be covered by the agreement, and for extra work which plaintiffs claim to have performed.

The case was tried by a jury, who returned a verdict in favor of plaintiffs for $512.95. Defendant, without applying for a new trial, appealed from the judgment entered in accordance with the verdict.

Defendant filed an exception of no cause of action, which it is unnecessary to discuss. In his answer he denied that the contract sued on covered all the bridges set forth in the petition; he admitted that there was some delay in furnishing material, due to the fact that the highway commission ordered the building of other bridges and the enlargement of certain bridges called for in the original contract, and averred that under the terms of said contract, which had been made a part of the contract with plaintiffs, the only penalty for the delay was the extension of time in which to complete the work. He denied the claims for extra work, and pleaded as a bar to plaintiffs' recovery a full and final settlement of all claims growing out of their contract.

In the meager brief filed on behalf of plaintiffs, the basis upon which the jury reached their verdict is not pointed out. For our own part, we are at a loss to know how they arrived at their conclusion. No items of plaintiffs' claim, either singly or together, make up the amount of the award. Beyond this, however we think plaintiffs are precluded from recovery by reason of the full and final settlement between them and the defendant.

In the contract between the parties it is provided that payments for work done shall be made on the 15th of each month upon estimates furnished by the state engineer, less 20 per cent. retained as a guaranty that the

work will be completed, which amount is to be paid when the entire work is completed and accepted by the state board of engineers.

The record shows, that after plaintiffs had completed their work under the contract, they demanded of one Paul Drake, defendant's representative, a final settlement. In connection with their demand, which was made on August 2, 1921, they produced a statement setting forth the manner in which they arrived at the balance claimed to be due. The figures were checked by Mr. Drake, who ascertained that plaintiffs had made an error against themselves of $45.10. The figures were corrected accordingly and given by Mr. Drake to plaintiffs to take to defendant for payment.

Plaintiffs' account covered all work done during the entire period of the contract. It allowed defendant credit for all prior payments, claimed the 20 per cent. reserved, and showed a balance due of $719.68. On August 13, 1921, plaintiffs, as directed by Mr. Drake, presented the account to defendant, at New Orleans, and received his check for the balance shown thereon.

Neither at the time of the settlement of plaintiffs' account, nor prior thereto, was a demand made upon defendant, or upon his representative, Drake, for payment of the items set forth in the petition. They only learned of plaintiffs' claim, some time after the final payment had been made, when suit was instituted in the parish of Washington against the present defendant. The record is silent concerning the disposition of that suit, but presumably it was discontinued or dismissed for lack of jurisdiction.

While no formal receipt was executed by plaintiffs, the evidence satisfies us that the settlement was in full for all work done under the contract. Plaintiffs' contention that the extra work was not included in the contract, in our opinion, is not sound. This alleged work admittedly was performed prior to August 2, 1921, when the adjustment between the parties was had. Moreover, the contract between the highway commission and the defendant, which is made part of the contract between plaintiffs and defendant, provides for the manner in which claims for extra work shall be presented and allowed. Plaintiffs make no pretense that the provision was complied with in respect to the so-called extra work. Plaintiffs do not allege either error or fraud.

"Where the account has been closed and settled, no suit can be maintained contrary to the balance, without alleging error or fraud in the settlement." Succession of Marr, 23 La. Ann. 718; Sloan v. Stevenson, 24 La. Ann. 278; Haile v. McGhee, 29 La. Ann. 350. Cf. Turregano v. Barnett, 127 La. 620, 53 So. 884; Woodley v. Atkins, 159 La. 992, 106 So. 540.

For the reasons assigned, the judgment appealed from is set aside, and plaintiffs' demand is rejected, at their cost.