No. 2531

Second Circuit

HEDGES v. SCOTT & SALTER

(May 22, 1928. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Account—Par. 5; Error and Mistake—Par. 3.**

"Where the account has been closed and settled, no suit can be maintained contrary to the balance, without alleging error or fraud in the settlement."

Heines vs. Prutsman, 162 La. 587, 110 So. 765.

2. **Louisiana Digest—Evidence—Par. 58, 352.**

Where there is no positive testimony that plaintiff received and used all the gravel which defendants claim was used by him and charged against them, defendants fail to make out their case on this defense.

Appeal from the Tenth Judicial District Court, Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by P. T. Hedges against Scott and Salter.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

M. L. Dismukes, of Natchitoches, attorney for plaintiff, appellee.

Phanor Breazeale, of Natchitoches, attorney for defendant, appellant.

ODOM, J. Plaintiff brings this suit against W. F. Scott and J. F. Salter to recover the sum of $1005.34, which, he alleges, is due him as a balance for work done by him as a sub-contractor under defendants on a public highway in Natchitoches Parish.

Scott and Salter were ordinary partners, and judgment was asked against each for one-half of the debt. Scott settled his part of the debt and the suit was dismissed as to him.

There was judgment in the District Court against Salter for one-half of the debt and he has appealed.

OPINION

Scott and Salter, ordinary partners, contracted with the State Highway Commission in 1923 to build a certain road in Natchitoches Parish. They sublet to the plaintiff, Hedges, the building of the concrete bridges and culverts on that part of the road which they were to build, the exact terms of the sub-contract not being disclosed.

Scott and Salter paid Hedges certain amounts as the work progressed. When Hedges completed his work, he claimed that the contractors were due him approximately $4008.00, and not being paid promptly, he filed and recorded a lien against the road. At that time the Highway Commission had not made final settlement with Scott and Salter.

The Highway Commission refused to pay the balance on account of Hedges' lien having been filed.

There was some disagreement, it seems, between Hedges, the sub-contractor, and Scott and Salter, the contractors, as to the amount due Hedges.

Scott and Salter wanted the lien cancelled so they could settle with the Highway Commission.

On October 15, 1923, the parties got together and made final settlement and adjusted their differences by way of compromise, which was reduced to writing as follows:

"State of Louisiana,
"Parish of Natchitoches.
"October 15, 1923.
"This agreement entered into this the 15th day of October, 1923, between Scott & Salter, contractors, and P. T. Hedges, subcontractor, on project 100 of the Jefferson Highway, witnesseth:
"It is agreed and understood by both parties on settlement this day that Scott & Salter owe P. T. Hedges on this project $3447.64.
"It is agreed further that this money will be paid to P. T. Hedges when the state makes its final settlement on that project.
"Witnesseth:
"W. F. Scott          Signed: Scott & Salter
"John T. Dwyer.          By J. T. Salter
                              P. T. Hedges."

As soon as the settlement was made and the above instrument was signed, Hedges had his lien cancelled.

Later, the exact date not being shown, but probably in December, Scott & Salter, by Scott, gave Hedges a check for $3447.64 in payment of the amount agreed upon, but payment of the check was stopped by Scott because Salter told him he had ascertained that Hedges had been furnished certain gravel for use in constructing the bridges and culverts by the Highway Commission which had been charged to Scott & Salter by the Highway Commission and by it deducted from the amount due them on final settlement, and that the amount, $1228.37, should be charged back to Hedges for the reason that it was not taken into consideration at the time the settlement was made.

On December 10, 1923, after payment of the check for $3447.64 had been refused by the bank at the request of Scott, Scott & Salter gave Hedges another check for $2442.30, which was paid, leaving a balance due, according to the settlement, of $1005.34, which is the amount sued for.

At the bottom of the sheet on which the above agreement is is written by Hedges the following:

"12/10/1923. Paid by check $2442.30."

Plaintiff contends that this was a payment on the amount due and that he intended to credit defendants with that amount.

Defendant Salter, on the contrary, contends that when it was discovered late in November that Hedges had obtained gravel from the Highway Commission which had been charged to Scott & Salter, another settlement was made with Hedges by which he agreed to accept $2442.30 in full settlement.

Plaintiff, in his petition, alleged that a dispute arose between him and defendants as to the amount due under the contract and that—

"after due discussion, checking, figuring and deliberation, the said Scott & Salter came to and entered into a compromise settlement and agreement with petitioner in words and figures to-wit:"

Then follows a copy of the agreement.

This is Article 6 of the petition.

Defendant in answer admitted the allegations of that article as written.

At the inception of the trial counsel for plaintiff objected to the introduction of any testimony seeking to contradict or vary the written compromise entered into on October 15th, which objection was overruled by the court and bill was reserved.

It is admitted that the parties went into and discussed fully all the differences between them, and we think they intended that the said written agreement should foreclose the question as to the amount due Hedges. Hedges testified, and it is not disputed, that in order to reach a settlement he deducted from the amount which he claimed, something like $600.00. The agreement and settlement was executed. Hedges cancelled his lien, which enabled defendants to get settlement with the Highway Commission.

It is not contended that Hedges, in making the settlement, was guilty of any fraud or deceit, or that he wilfully withheld from defendants any material fact within his knowledge, nor do defendants make a direct attack upon the settlement on the ground that there was an error in calculation. C. C., Arts. 3071, 3078, 3079, 3083.

In answer, defendant alleged:

"That the agreement entered into on Oct. 15th 1923, described in Art. VI of the petition, was executed in good faith by all parties and was entered into for the purpose of deferring a final settlement between them until the 'state makes a final settlement on that project.' That large sums had been paid plaintiff by defendants and it was uncertain as to just what balance may be due him under his contract, and final settlement was deferred pending a final settlement from the Commission."

The document evidencing the settlement is clear and unambiguous. A reading of it will disclose the error into which counsel has fallen. It is recited that—

"It is agreed and understood by both parties on settlement this day that Scott & Salter owe P. T. Hedges on this project $3447.64."

That is as definite as language can express it.

It was not entered into, as alleged by defendant,

"for the purpose of deferring a final settlement between them until the 'state makes a final settlement on that project.'"

It was a complete settlement on that date, and was agreed—

"that this money ($3447.64) will be paid to P. T. Hedges *when the state makes its final settlement on that project.*"

It is perfectly clear that the parties intended to make and did make a final settlement on that date. There was nothing deferred, except the payment of the amount agreed to be due, which payment was to be made when the State settled with defendants.

Carrying out his agreement, Hedges cancelled his lien and waited for the payment. To carry out that agreement defendants, in December, two months later, gave their check for the amount, but payment thereof was stopped.

In the absence of a direct attack upon that settlement by defendants, on the ground of error in calculation, fraud or deceit, it is difficult to see how defendants can escape liability.

"Where the account has been closed and settled, no suit can be maintained contrary to the balance, without alleging error or fraud in the settlement."

Succ'n of Marr, 23 La. Ann. 718; Sloan vs. Stevenson, 24 La. Ann. 278; Haile vs. McGee, 29 La. Ann. 350; Woodley vs. Atkins, 159 La. 992, 106 So. 540; Heines vs. Prutsman, 162 La. 587, 110 So. 765.

We might rest our opinion here. But, as the lower court let in testimony pro and con, we have considered the case from defendant's standpoint, that is, that after the settlement of October 15th was made, he discovered that Hedges had obtained gravel from the Highway Commission for which he had not paid, and that this gravel, amounting to $1228.37, had been charged to Scott & Salter, and deducted from their settlement and that Hedges should be charged back with this amount. Therefore, instead of defendants owing Hedges Hedges owed them.

If Hedges got gravel from the Highway Commission which was charged to defendants, the burden was upon defendants to show that. This they failed to do. On a statement made out by the Highway Commission to Scott & Salter we find this:

"Amount due Louisiana Highway Commission by Contractor, to be deducted from final estimate, $1228.37."

This is for gravel, and is the amount that Salter says should be charged to Hedges. But there is nothing to show that Hedges got and used this gravel. Scott & Salter were using gravel to build the road. Hedges was constructing the bridge and culverts and also used gravel. Hedges says that Scott & Salter got gravel from the same source, and they do not deny this. Hedges says also that he got the greater portion of the gravel he used from the Rapides Gravel Company. He admits that he did get some gravel from the Highway Commission, but says that the amount for that was deducted when he settled on October 15th.

Salter says he knew nothing about this item until November 23, 1923, when he got his final estimate and settlement, which he filed in evidence.

All that shows is this:

"Less balance due for gravel and sand furnished the contractor by the Louisiana Highway Commission, $1228.37."

In view of Hedges' testimony that he did not get all this gravel and that what he did get was figured in the settlement, and in the absence of any positive testimony that he did get and use all of it, we must hold that defendant failed to make out his case on this point.

There are other points raised by counsel in his earnest oral argument and his brief, but we think it unnecessary to discuss them.

We are convinced from the evidence that defendant owes plaintiff the amount sued for and as awarded by the District Court.

Scott, Salter's partner, recognized that he was due Hedges something, and settled his part of the debt, and the suit was dismissed as to him.

The judgment is affirmed with costs.