HORTMAN-SALMEN CO., INC., v. BECHTEL

———

(April 7, 1930. Opinion and Decree.)

———

Edrington & Carmouche, of New Orleans, attorneys for plaintiff, appellant.

Pomes & McCabe, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit for the sum of $104.05 alleged to be the balance due on an open account. Defendant entered a general denial and specially pleaded payment.

There was judgment dismissing the suit, and plaintiff has appealed.

The record shows that the plaintiff furnished material for the construction of a building on defendant's ground. Defendant was desirous of obtaining a statement in full from the plaintiff of the account, in order that he might put a price on the property to sell it. It appears that the defendant told Mr. Ryan, one of the managers of the plaintiff company, that he want-

ed a statement in full of the account, as he was preparing to sell the property and wanted to determine what price he would have to get for it. Accordingly, Mr. Ryan obtained a statement in full for the sum of $3,444.84 from Mr. Kaiser, plaintiff company's bookkeeper, and gave it to the defendant during February, 1927. On April 20, 1927, the company's general credit manager, Mr. Lively, appeared at the office of the notary public, before whom the sale was to be passed, and accepted the above sum in settlement of the account and issued a receipt therefor and authorized the cancellation of the plaintiff company's materialmen's lien recorded in the mortgage office. On May 4, 1927, Mr. Lively, the company's representative, and the same party who represented plaintiff at the passing of the act of sale, wrote defendant a letter making claim for the sum of $245.55. Defendant refused to pay the claim, and the plaintiff company, on June 23, 1928, sued defendant for the sum of $104.05, alleged to be the balance due on the account.

We are convinced that at the time the sale was passed it was the intention of the representative of plaintiff to accept the sum of $3,444.84 in full settlement of the account. But, says counsel for the plaintiff, the statement merely represented material that was furnished up to the time that it was issued, but did not include material that was furnished thereafter. The answer to this argument is that at the time Mr. Lively was notified to appear at the notary's office he was apprised of the fact that the account was to be fully liquidated and a mere reference to the company's books would have shown the alleged

additional amount which the plaintiff now claims.

Counsel for the defendant timely objected to plaintiff's evidence of error because it had not been pleaded or set forth in the petition. The district court overruled the objection. We seriously question the correctness of this ruling, in view of the authorities to the effect that when an account has been closed and settled no suit can be maintained for an alleged balance without alleging fraud or error. Succession of Marr, 23 La. Ann. 718; Sloan vs. Stevenson, 24 La. Ann. 278; Haile vs. McGhee, 29 La. Ann. 350; Heines & Peterson vs. Prutsman, 162 La. 587, 110 So. 765.

But, conceding that the ruling was correct and that the evidence was properly admitted, we are of the opinion that the evidence sustains the defendant's plea of payment and that the plaintiff's evidence in rebuttal is not sufficient to overcome the evidence in support of the plea of payment. The record shows that plaintiff's bookkeeper furnished the defendant with statements which were in excess of the correct amount and it was only upon defendant calling the matter to the plaintiff's representative's attention that the correct amount was stated, i. e., $3,444.84. After the settlement of April 20, 1927, plaintiff wrote defendant a letter on May 4, 1927, claiming the sum of $245.55, but when the suit was filed for the alleged balance it was for only $104.05. Mr. Ryan, the former manager of the mill work sales department of the plaintiff company, testified that Mr. Kaiser, the bookkeeper of the plaintiff company, had given him the statement of $3,444.84, representing the full amount due on the account. As the evidence shows that the bookkeeper had issued other erroneous statements and being the only witness who testified in behalf of the plaintiff that the balance of $104.05 was due, we are of the opinion that the rebuttal evidence was not sufficient to overcome the proof of payment.

He who alleges error must prove it. Labolais vs. Bernard, 6 Mart. (N. S.) 206; Palfrey vs. Stinson, 11 La. 77; Union Bank vs. Hyde, 7 Rob. 418, 41 Am. Dec. 290.

For the reasons assigned the judgment appealed from is affirmed.